UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMEEL MALIK                                                    CIVIL ACTION

versus                                                          NO. 12-1845

N. BURL CAIN, WARDEN                                            SECTION: "B" (3)

**REPORT AND RECOMMENDATION**

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Jameel Malik, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On September 23, 1994, he tendered pleas of guilty to one count of second degree murder, one count of armed robbery, one count of attempted armed robbery, and one count of attempted second degree murder.[1] On September 26, 1994, the state district court accepted those pleas, and petitioner was sentenced on the second degree murder conviction to a term

---

[1] State Rec., Vol. VI of VI, transcript of September 23, 1994; State Rec., Vol. IV of VI, guilty plea forms.

of life imprisonment, on each the armed robbery conviction and the attempted second degree murder conviction to a term of fifty years imprisonment, and on the attempted armed robbery conviction to a term of forty-nine and one-half years imprisonment. It was ordered that those sentences run concurrently and without benefit of parole, probation, or suspension of sentence.[2] He did not challenge either his convictions or sentences on direct review.

On September 26, 1997, petitioner, through counsel, filed an application for post-conviction relief with the state district court.[3] That application was denied on March 17, 2000.[4] His related writ applications were likewise denied by the Louisiana Fourth Circuit Court of Appeal on May 30, 2000,[5] and by the Louisiana Supreme Court on April 27, 2001.[6]

On April 25, 2003, petitioner filed a motion with the state district court asking that the judgment denying post-conviction relief be vacated.[7] When the district court failed to rule on

---

[2] State Rec., Vol. VI of VI, transcript of September 26, 1994.

[3] State Rec., Vol. IV of VI.

[4] State Rec., Vol. V of VI, transcript of March 17, 2000; State Rec., Vol. I of VI, minute entry dated March 17, 2000.

[5] State v. Malik, No. 2000-K-1112 (La. App. 4th Cir. May 30, 2000); State Rec., Vol. V of VI.

[6] State v. Malik, 791 So.2d 112 (La. 2001) (No. 2000-KP-1960); State Rec., Vol. V of VI.

[7] State Rec., Vol. V of VI. The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana prisoner's *pro se* state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). That date cannot be gleaned with certainty with respect to the *pro se* post-conviction filings in this case; however, out of an abundance of caution, the Court will consider the signature dates as the filings dates, because the pleadings obviously were placed in the mail no earlier than the dates they were signed.

that motion, he filed a petition for a writ of mandamus with the Louisiana Fourth Circuit Court of Appeal.[8]  On June 18, 2004, the Court of Appeal found that petitioner had not established that his underlying motion was meritorious and therefore denied relief.[9]

On April 8, 2005, petitioner filed a motion to withdraw his guilty pleas with the state district court.[10]  That motion was denied on May 25, 2005.[11]  His related writ applications were then denied by the Louisiana Fourth Circuit Court of Appeal on January 20, 2006,[12] and by the Louisiana Supreme Court on November 9, 2006.[13]

On April 7, 2009, petitioner filed with the state district court a motion to vacate his convictions and sentences.[14]  That motion was denied on April 17, 2009.[15]  His related writ

---

[8] State Rec., Vol. V of VI.

[9] State v. Malik, No. 2004-K-0871 (La. App. 4th Cir. June 18, 2004); State Rec., Vol. V of VI.

[10] State Rec., Vol. I of VI.

[11] State Rec., Vol. I of VI, Judgment dated May 25, 2005.

[12] State v. Malik, No. 2005-K-1339 (La. App. 4th Cir. Jan. 20, 2006); State Rec., Vol. V of VI.

[13] State ex rel. Malik v. State, 941 So.2d 38 (La. 2006) (No. 2006-KH-1111); State Rec., Vol. V of VI.

[14] State Rec., Vol. VI of VI.

[15] State Rec., Vol. VI of VI, Order dated April 17, 2009.

applications were denied by the Louisiana Fourth Circuit Court of Appeal on May 22, 2009,[16] and by the Louisiana Supreme Court on April 16, 2010.[17]

On May 3, 2010, petitioner filed another application for post-conviction relief with the state district court.[18] That application was denied on January 25, 2011.[19] His related writ applications were likewise denied by the Louisiana Fourth Circuit Court of Appeal on March 24, 2011,[20] and by the Louisiana Supreme Court on February 3, 2012.[21]

On July 6, 2012, petitioner filed the instant application for federal *habeas corpus* relief.[22] The state argues that the application is untimely.[23] For the following reasons, it is clear that the state is correct. Further, in any event, the Court notes that, even if petitioner's federal application had been timely filed, his claims have no merit.

---

[16] State v. Malik, No. 2009-K-0550 (La. App. 4th Cir. May 22, 2009); State Rec., Vol. VI of VI.

[17] State *ex rel.* Malik v. State, 31 So.3d 1058 (La. 2010) (No. 2009-KH-1475); State Rec., Vol. VI of VI.

[18] State Rec., Vol. VI of VI.

[19] State Rec., Vol. VI of VI, Order dated January 25, 2011.

[20] State v. Malik, No. 2011-K-0292 (La. App. 4th Cir. Mar. 24, 2011); State Rec., Vol. VI of VI.

[21] State *ex rel.* Malik v. State, 79 So.3d 1023 (La. 2012) (No. 2011-KH-0870); State Rec., Vol. VI of VI.

[22] Rec. Doc. 3. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner states that he placed his federal application into the prison mailing system on July 6, 2012. See Rec. Doc. 3, p. 15.

[23] Rec. Doc. 17.

I. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for the filing of federal *habeas corpus* applications. The method for calculating a petitioner's one-year period is set forth in 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

A. 28 U.S.C. § 2244(d)(1)(A)

As noted, under Subsection A, a petitioner must bring his federal *habeas corpus* claims within one (1) year of the date on which his underlying criminal judgment became final. However, because petitioner's convictions and sentences became final in 1994 prior to the enactment of the AEDPA, a one-year grace period applies, and his one-year statute of limitations began to run on the AEDPA's effective date, April 24, 1996. Flanagan v. Johnson, 154 F.3d 196, 200-02 (5th Cir. 1998); see also United States v. Flores, 135 F.3d 1000 (5th Cir. 1998) (applying

one-year grace period to actions filed pursuant to 28 U.S.C. § 2255). Therefore, under Subsection A, petitioner's one year-period for seeking federal *habeas corpus* review would have expired on April 24, 1997, unless that deadline was extended through tolling.

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, petitioner had no such applications pending at any time during the applicable one-year period, and so he clearly is not entitled to statutory tolling.[24]

The Court next considers equitable tolling. The United States Supreme Court has held that AEDPA's limitations period is subject to equitable tolling. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).

---

[24] Although petitioner subsequently sought post-conviction relief in the state courts, state applications filed *after* the expiration of the federal statute of limitations have no bearing on the timeliness of a federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put, once the federal limitations period expired, "[t]here was nothing to toll." Butler, 533 F.3d at 318.

In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

In that petitioner is entitled to neither statutory nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before April 24, 1997, in order to be timely under 28 U.S.C. § 2244(d)(1)(A).  Because his federal application was not filed until July 6, 2012, it is untimely under that subsection.

### B.  28 U.S.C. § 2244(d)(1)(B), (C), and (D)

As noted, 28 U.S.C. § 2244(d)(1) has three other subsections which delay the commencement of the federal limitations period based on specified events.  However, those subsections do not aid petitioner.

Clearly, Subsections B and C are inapplicable, in that petitioner does not claim the existence of either a state-created impediment to filing or a newly-discovered constitutional right.

In its response, the state suggests that perhaps petitioner believes that Subsection D applies; however, the state argues that, even if that is petitioner's contention, his federal application is untimely under that subsection.  The state is correct for the following reasons.

In the present case, petitioner claims that the state withheld exculpatory evidence from the defense in violation of Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.  That claim is based on notations in an arrest register which petitioner argues supports his contention that his confession was involuntary.  He further contends that he first discovered that arrest register when he purchased a copy of the District Attorney's file on or about June 25, 2009.

However, while Subsection D does in fact delay commencement of the federal limitations period where there has been a belated discovery of the factual predicate of a petitioner's claim, that provision contains an important qualification. Under Subsection D, the limitations period runs not from the date on which a petitioner *actually discovers* the factual predicate for his claim but rather from the date on which he *could have discovered* the factual predicate through the exercise of due diligence. In the instant case, *even if* the arrest register was not available to petitioner at the time of trial, a fact which the state appears to dispute,[25] he could have obtained a copy of the District Attorney's file many years before he actually did so. In 1991, the Louisiana Supreme Court held the records of public bodies concerning criminal litigation are available under the Public Records Act as soon as a conviction is final. Lemmon v. Connick, 590 So.2d 574 (La. 1991); see also Wallace v. Ware, 657 So.2d 734, 736-37 (La. App. 1st Cir. 1995); Voelker v. Miller, 613 So.2d 1143 (La. App. 5th Cir. 1993). Therefore, if petitioner had acted with due diligence, he could have obtained a copy of the District Attorney's file as soon as his convictions became final in 1994. *Habeas* petitioners are routinely denied the benefits of Subsection D for failure to timely utilize the Public Records Act. See Hunter v. Cain, Civ. Action No. 11-670, 2011 WL 5024355, at *3-4 (E.D. La. Sept. 23, 2011), adopted, 2011 WL 5023908 (E.D. La. Oct. 20, 2011), Diggins v. Cain, Civ. Action No. 06-6263, 2008 WL 4889801, at *3 (E.D. La. Oct. 22, 2008), adopted, 2008 WL 4909887 (E.D. La. Nov. 12, 2008); Ballay v. Louisiana, Civ. Action No. 06-10699, 2007 WL 4413990, at *4-5 (E.D. La. Dec. 13, 2007); Heard v. Cain, Civ. Action No. 06-3207, 2007 WL 763691, at *3 (E.D. La. Mar. 9, 2007). Accordingly, because petitioner could have discovered the

---

[25] Rec. Doc. 17, p. 11.

factual predicate with reasonable diligence in 1994, long before the AEDPA was even enacted, Subsection D would not aid him. As with Subsection A, the grace period would still apply, and his federal application would be timely only if filed on or before April 24, 1997. As a result, the instant application, which was filed on July 6, 2012, was filed many years too late.

## II. Merits

Out of an abundance of caution, the Court notes that petitioner would not be entitled to relief even if his claims were considered on the merits.

As noted, petitioner claims that the state withheld exculpatory evidence, i.e. an arrest register, from the defense in violation of Brady v. Maryland, 373 U.S. 83 (1963), and its progeny. However, petitioner *pleaded guilty*, and "a guilty plea precludes the defendant from asserting a Brady violation." United States v. Conroy, 567 F.3d 174, 178 (5th Cir. 2009); see also United States v. Santa Cruz, 297 Fed. App'x 300, 301 (5th Cir. 2008); United States v. Green, 220 Fed. App'x 346, 348 (5th Cir. 2007); Hubbard v. Cockrell, Civ. Action No. 4:02-CV-325, 2002 WL 31114025, at *4 (N.D. Tex. Sept. 20, 2002).

Further, petitioner argues that the state courts erred in denying him post-conviction relief by holding that his claim was untimely under La. Code Crim. P. art. 930.8. However, that is not an issue for this federal court. Article 930.8, which sets forth the limitations period and the exceptions thereto, is a provision of state law, and, as such, its interpretation is left to the state courts. "[I]t is not the province of a federal *habeas* court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see also Molo v. Johnson, 207 F.3d 773, 776 n.9 (5th Cir. 2000) ("Federal *habeas* review does not extend to state court

conclusions of state law."); Hogue v. Johnson, 131 F.3d 466, 506 (5th Cir. 1997) (a disagreement as to state law is not cognizable on federal *habeas*).  A federal *habeas* court simply does "not sit as a 'super' state supreme court" to review alleged errors of state law.  Smith v. McCotter, 786 F.2d 697, 700 (5th Cir. 1986); see also Dickerson v. Guste, 932 F.2d 1142, 1145 (5th Cir. 1991).  Rather, federal *habeas corpus* relief may be granted "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Accordingly, mere violations of state law will not suffice.  See Engle v. Isaac, 456 U.S. 107, 119 (1983).

Moreover, even if the Louisiana Supreme Court did in fact misapply article 930.8, which is an issue this Court need not and does not reach, it would have no bearing in this proceeding.  An error in state post-conviction proceedings does not affect the validity of an underlying conviction or sentence, and therefore such an error cannot serve as a basis for relief in a federal *habeas corpus* proceeding.  See, e.g., Duff-Smith v. Collins, 973 F.2d 1175, 1182 (5th Cir. 1992) ("[I]nfirmities in state habeas proceedings do not constitute grounds for federal habeas relief. We look only to the trial and direct appeal." (footnote omitted)); see also Morris v. Cain, 186 F.3d 581, 585 n.6 (5th Cir. 1999) ("[O]ur circuit precedent makes abundantly clear that errors in state postconviction proceedings will not, in and of themselves, entitle a petitioner to federal habeas relief."); Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir. 1995) ("[E]rrors in a state habeas proceeding cannot serve as a basis for setting aside a valid original conviction. An attack on a state habeas proceeding does not entitle a petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself." (internal quotation marks omitted)); Anthony v. Cain, Civ. Action No. 07-3223, 2009 WL 3564827, at *23 (E.D. La.

Oct. 29, 2009); Baham v. Allen Correctional Center, Civ. Action No. 07-4075, 2009 WL 3148757, at *3 (E.D. La. Sept. 30, 2009); Davis v. Cain, Civ. Action No. 07-6389, 2008 WL 5191912, at *6 (E.D. La. Dec. 11, 2008); Campbell v. Cain, Civ. Action No. 06-3983, 2007 WL 2363149, at *2 n.23 (E.D. La. Aug. 15, 2007).

### RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Jameel Malik be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[26]

New Orleans, Louisiana, this third day of April, 2013.

*Daniel E. Knowles, III*
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[26] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.