UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMEEL MALIK** | **CIVIL ACTION** |
| **versus** | **NO. 12-1845** |
| **N. BURL CAIN, WARDEN** | **SECTION: "B"(3)** |

ORDER AND REASONS

NATURE OF MOTION

Before the Court is Petitioner Jameel Malik's ("Petitioner") Objections (Rec. Doc. No. 19) to Magistrate Judge Knowles's Report and Recommendation (Rec. Doc. No. 18), recommending dismissal with prejudice of Petitioner's *habeas corpus* petition under 28 U.S.C. § 2244(d). Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that **(1)** Petitioner's objections are **OVERRULED**, **(2)** the findings of the Magistrate Judge (Rec. Doc. No. 18) are **ADOPTED,** and **(3)** Petitioner's habeas petition is **DISMISSED WITH PREJUDICE** as untimely.

PROCEDURAL HISTORY

Petitioner, Jameel Malik, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. (Rec. Doc. 18 at 1). On September 23, 1994, he tendered pleas of guilty to one count of second degree murder, one count of armed robbery,

one count of attempted armed robbery, and one count of attempted second degree murder. *Id.* On September 26, 1994, the state district court accepted those pleas, and petitioner was sentenced on the second degree murder conviction to a term of life imprisonment, on each the armed robbery conviction and the attempted second degree murder conviction to a term of fifty years imprisonment, and on the attempted armed robbery conviction to a term of forty-nine and one-half years imprisonment. *Id.* at 1-2. It was ordered that those sentences run concurrently and without benefit of parole, probation, or suspension of sentence. *Id.* at 2. He did not challenge either his convictions or sentences on direct review. *Id.*

On September 26, 1997, petitioner filed an application for post conviction relief with the state district court. *Id.* That application was denied on March 17, 2000. *Id.* His related writ applications were likewise denied by the Louisiana Fourth Circuit Court of Appeal on May 30, 2000, and by the Louisiana Supreme Court on April 27, 2001. *Id.*

On April 25, 2003, petitioner filed a motion with the state district court asking that the judgment denying post-conviction relief be vacated. *Id.* When the district court failed to rule on that motion, he filed a petition for a writ of mandamus with the Louisiana Fourth Circuit Court of Appeal. *Id.* at 3. On June 18,

2004, the Court of Appeal found that petitioner had not established that his underlying motion was meritorious and therefore denied relief. *Id.*

On April 8, 2005, petitioner filed a motion to withdraw his guilty pleas with the state district court. That motion was denied on May 25, 2005. *Id.* His related writ applications were then denied by the Louisiana Fourth Circuit Court of Appeal on January 20, 2006, and by the Louisiana Supreme Court on November 9, 2006. *Id.*

On April 7, 2009, petitioner filed with the state district court a motion to vacate his convictions and sentences. *Id.* That motion was denied on April 17, 2009. *Id.* His related writ applications were denied by the Louisiana Fourth Circuit Court of Appeal on May 22, 2009, by the Louisiana Supreme Court on April 16, 2010. *Id.* at 3-4.

On May 3, 2010, petitioner filed another application for post-conviction relief with the state district court.18 That application was denied on January 25, 2011. *Id.* at 4. His related writ applications were likewise denied by the Louisiana Fourth Circuit Court of Appeal on March 24, 2011, and by the Louisiana Supreme Court on February 3, 2012. *Id.*

On July 6, 2012, petitioner filed the instant application for federal habeas corpus relief, *id.*, arguing that (1)the

prosecution suppressed favorable evidence that was material to the defense at the time petitioner pled guilty to a reduced charge of second degree murder; and (2) lower state court findings were contrary to and involved an unreasonable application of clearly established federal law as determined by the Supreme Court when applying a state procedural time bar to petitioner's *Brady* claim, (Rec. Doc. No. 3 at 20). The State responded that Petitioner untimely filed his petition. (Rec. Doc. No. 17 at 6-14).

In his Opposition (Rec. Doc. No. 16) to the Magistrate Judge's Report and Recommendation (Rec. Doc. No. 15), Petitioner contends he is entitled to federal *habeas corpus* relief because of the merits of his claims. (Rec. Doc. No. 19 at 1-3). Construing his objections liberally, Petitioner also contends that the one-year statute of limitations set forth in 28 U.S.C. § 2244 (d) has not run, given that his one-year period equitably tolled, because he could not afford to purchase his state trial records. *Id.* The State did not file a response to Petitioner's Objections to the Magistrate's Report and Recommendation.

LAW

**A. Standard of Review**

Upon timely objection of a Magistrate Judge's findings and recommendation, the district court shall make a de novo

determination of those portions of the report or specified proposed findings or recommendations to which the objection is made. 28 U.S.C. § 636 (b)(1) (2009). A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *Id*.

**B. Applicable Law**

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), restricts the time period for filing a federal *habeas corpus* action to one year from the date the conviction became final. 28 U.S.C. § 2244 (d)(1); *see also Duncan v. Walker*, 533 U.S. 167, 179-80 (2001). The method for calculating a petitioner's one-year period is set forth in 28 U.S.C. § 2244(d), which provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an

>application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

If a petitioner's convictions and sentences become final prior to the enactment of the AEDPA, his one-year prescription period does not begin to run until AEDPA's effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

A petitioner may bring a federal habeas claim after his prescriptive period expires if circumstances suggest that to do so would be equitable. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). "A petitioner is entitled to 'equitable tolling' only if he shows (1) that he has been pursuing his rights diligently, and (2) that some *extraordinary* circumstance stood in his way and prevented timely filing." *Id.* at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005))(internal quotations omitted)(internal quotation added)(emphasis added).

ANALYSIS

The Magistrate Judge based his ruling on timeliness. (Rec. Doc. No. 18 at 6-11 (explaining that Petitioner's claims are untimely, but even if they were, they are not meritorious). Finding that AEDPA's one year statute of limitations for filing a *habeas* petition had run, the Magistrate Judge recommended that the application be denied. *Id.* at 6-9.

Jameel Malik's one-year period for seeking federal habeas corpus relief expired on April 24, 1997, one year after the passage of AEDPA. *Id.* at 6. Even if Malik had claimed that statutory tolling applied, he did not file an application for post-conviction relief until five months after this deadline. *Id.* at 2.

The only argument Malik can be construed to have made in his objections to the Magistrate's Report and Recommendations is that his one-year period should be equitably tolled because he could not afford to obtain his state trial record. Even if obtaining state trial records constitutes exercising due "diligence," *see Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)), and not obtaining his state trial records constitutes a basis for equitable tolling, Malik is not entitled to equitable tolling, because not being

able to afford trial records is not "extraordinary" enough to warrant equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (citing *Pace*, 544 U.S. 408, 418 (2005)); *See also Temple v. Kaiser*, 198 F.3d 259 (10th Cir. 1999) (rejecting habeas petitioner's claim that his inability to pay $5 filing fee for habeas corpus petition warranted equitable tolling); *Kiser v. Dretke*, 2004 WL 2331592 (N.D. Tex. 2004) (rejecting habeas petitioner's claim that inability to afford transcripts warranted equitbale tolling, because such an inability is not exceptional).

CONCLUSION

Accordingly, **IT IS ORDERED** that **(1)** Petitioner's objections are **OVERRULED**, **(2)** the findings of the Magistrate Judge (Rec. Doc. No. 18) are **ADOPTED,** and **(3)** Petitioner's habeas petition is **DISMISSED WITH PREJUDICE** as untimely.

New Orleans, Louisiana, this 26th day of March, 2014.

_____
UNITED STATES DISTRICT JUDGE